IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JASON TUCKER,

    Plaintiff,
v.                                                      CASE NO. 1:20-cv-124-MW-GRJ

MICHAEL E. HOROWITZ, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Complaint. ECF No. 1. Plaintiff, proceeding *pro se*, filed this case on May 26, 2020, and names as Defendants: (1) Michael Evan Horowitz, the Inspector General of the United States Department of Justice; (2) John Michael ("Mick") Mulvaney, the former Director of the Office of Management and Budget; (3) William ("Bill") Pelham Barr, the United States Attorney General; (4) Eric Himpton Holder, Jr., the former United States Attorney General; (5) Makan Delrahim, the Assistant Attorney General for the Antitrust Division of the United States Department of Justice; (6) Kathryn Wilburn Drey, Chief of the Civil Division for the United States Attorney's Office for the Northern District of Florida; and (7) Marie Armstrong Moyle, Assistant United States Attorney in the Northern District of Florida. *Id.* at 1–2.

To briefly summarize the Complaint, Plaintiff alleges that he is asserting a civil rights action pursuant to 42 U.S.C. § 1983 for violations of the First, Second, Fourth, and Fourteenth Amendments to the United States Constitution. Further, Plaintiff conclusionally claims that Defendants have violated various federal civil and criminal statutes and that Defendants' actions give rise to liability under state tort law. *Id.* at 3–8. For relief, Plaintiff requests "the outstanding dividend shares connected to the birth certificate, due by the United States of America," "to restore his right to purchase arms and recover private property unlawfully seized from him," and "to present the crimes against him by constitutors and others to a grand jury immediately without delay." *Id.* at 8-9.

Plaintiff's Complaint is deficient in several respects. First, Plaintiff did not utilize this Court's approved form for a civil rights complaint by *pro se* non-prisoners. Pursuant to Northern District of Florida Local Rule 5.7(A), "the Court need not—and ordinarily will not—consider a petition, motion, or complaint that is not filed on the proper form." *See Procup v. Strickland*, 760 F.2d 1107, 1115 (11th Cir. 1985) (holding that a *pro se* litigant must "abide by local rules governing the proper form of pleadings").

Second, Plaintiff has not paid the $400.00 filing fee or filed a motion to proceed as a pauper ("*in forma pauperis*"). Pursuant to Local Rule 5.3,

"a party who files or removes a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915."

Plaintiff declares in his Complaint that "[w]e do not consent to any magistrate or any ORDER lacking a court seal. Dismissing the case for lack of form is wrong. Extorting fees or forma paupris [sic] status for equal access to the court is wrong. Failing to identify is wrong. Any outcome delaying/denying remedy or justice is wrong. DEFENDANT actions are wrong." ECF No. 8.

Plaintiff identifies no legal basis for his implied assertion that he is not required to comply with the laws and rules governing the procedural aspects of his case. Such an assertion is patently contrary to law. Notwithstanding his *pro se* status, Plaintiff is required to comply with the Local Rules and orders of the Court. *See Procup,* 760 F.2d 1115; *Loren v. Sasser,* 309 F.3d 1296, 1304 (11th Cir. 2002) (noting that *pro se* litigants are required to follow procedural rules); *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.1989) ( "[O]nce a *pro se* litigant is in court, he is subject to the relevant law and rules of court."). Nor is Plaintiff permitted to declare himself exempt from the Court rule that refers this case to a Magistrate

Judge for all proceedings through recommended disposition, as authorized by federal statute. *See* 28 U.S.C. § 636; Fla. N.D. Loc. R. 72.2(E).

Ordinarily, the Court would require Plaintiff to correct these procedural deficiencies before conducting further screening of his claims. The Court finds, however, that the Complaint is due to be summarily dismissed without an opportunity to amend because it is identical to a previously-filed case that is pending before the undersigned. *See Tucker v. Horowitz, et al.,* Case No. 1:20-cv-117-RH-GRJ. Plaintiff executed the Complaint in that case on May 15, 2020. *Id.* (ECF No. 1 at 9). The Complaint in the instant case was executed on May 21, 2020, and delivered to this Court for docketing as a new case. ECF No. 1 at 9. Apart from the dates the Complaints were executed, they are identical. In the case that Plaintiff filed first, the Court has ordered him to correct the same procedural deficiencies presented by this case and to amend his claims. *Tucker v. Horowitz,* Case No. 1:20-cv-117-RJ-GRJ, ECF No. 3.

Since Plaintiff did not pay the filing fee at the time he initiated this case, the Court infers that he intends to seek leave to proceed *in forma pauperis*. The Court has granted such leave to Plaintiff in other cases currently pending before the Court and in past cases. *See Tucker v. Saul,* Case No. 1:19-cv-330-EMT, ECF No. 5 (pending case); *Tucker v. Walker,*

4

Case No. 1:20-cv-8-AW-GRJ, ECF No. 7 (pending case); *Tucker v. Barr*, Case No. 1:20-cv-26-AW-GRJ, ECF No. 7 (dismissed for failure to state a claim on 5/7/20); *Tucker v. State of Florida*, Case No. 1:17-cv-288-MW-GRJ, ECF No. 4 (dismissed for failure to prosecute on 2/12/18); *Tucker v. Trump,* Case No. 1:17-cv-291-MW-GRJ, ECF No. 6 (dismissed as frivolous on 3/29/18).

As Plaintiff is no doubt aware from his previous cases, the Court may dismiss a case in which the litigant is proceeding *in forma pauperis* at any time if it determines that the case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(E)(2). A case is "malicious" if it duplicates allegations in other lawsuits filed by the plaintiff. *See Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (complaint is malicious where it "duplicates allegations of another pending federal lawsuit by the same plaintiff"); *Washington v. Reno*, 1995 WL 376742, 59 F.3d 172 (6th Cir. 1995) (unpublished) (complaint is malicious within meaning of statute "if it is repetitive or evidences an intent to vex defendants or abuse the judicial process by relitigating claims decided in prior cases").

Because Plaintiff in this case is seeking to pursue claims that are identical to a pending case, the Court finds that this case is frivolous and malicious. This Court has previously warned Plaintiff that the filing of frivolous complaints may lead to the imposition of sanctions, including monetary sanctions. *Tucker v. Trump*, Case No. 1:17-cv-291-MW-GRJ, ECF No. 14 (3/29/18) (accepting Report & Recommendation, dismissing case, and issuing sanctions warning). Plaintiff has now filed at least his second such case in the Northern District of Florida. Should Plaintiff file a subsequent case that is deemed frivolous or malicious, the Court will recommend proceedings to determine the appropriate amount of a monetary sanction.[1]

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED** *sua sponte* as malicious without leave to amend.

**IN CHAMBERS** this 5th day of June 2020.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

[1] Plaintiff recently filed another case in this Court that is pending initial screening. *See Tucker v. Timothy,* Case No. 1:20-cv-125-MW-GRJ. Plaintiff should carefully consider whether that case will run afoul of the Court's warning and incur a monetary sanction. If so, Plaintiff should consider a voluntary dismissal.

6

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.